**UNITED STATES, Appellee,**

v.

**Private First Class James E. MORTIMER, 484–90–1758, United States Army, Appellant.**

**CM 444882.**

U.S. Army Court of Military Review.

22 Aug. 1985.

For Appellant: Colonel William G. Eckhardt, JAGC, Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Rita R. Carroll, JAGC, Captain Karen S. Davis, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Patrick M. Flachs, JAGC, Captain Laura G. Poston, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Consistent with his pleas, appellant was convicted by a military judge sitting as a general court-martial of communicating a

threat and wrongful possession of hashish (two specifications) in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to the grade of Private E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for nine months, forfeiture of all pay and allowances for nine months, and reduction to the grade of Private E-1.

Appellant contends that the military judge's refusal to permit litigation of appellant's motion to suppress his pretrial confession violated appellant's Fifth Amendment privilege against self-incrimination and constituted an abuse of his discretion.

The facts are that trial defense counsel had notice that trial counsel planned to introduce, during pre-sentencing proceedings, appellant's pretrial confession. Prior to entry of pleas, the military judge asked if appellant wished to make any motions to dismiss or grant other appropriate relief. Trial defense counsel stated that he had no motions.[1] When trial counsel sought to admit appellant's pretrial confession during sentencing proceedings, trial defense counsel objected on the grounds that the confession contained uncharged misconduct and that it should be suppressed because it was involuntary. The uncharged misconduct objection was resolved by redacting those portions of the confession which were objectionable. The military judge then admitted the redacted confession, finding that trial defense counsel had not demonstrated "good cause" for failing to object to such evidence prior to entry of appellant's pleas. He did, however, admit rebuttal evidence of involuntariness to attack the "credibility" of appellant's confession.

■ Appellant argues that he did not waive his objection to the confession offered during sentencing, relying upon *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). However, we are not persuaded. There were several reasons why waiver was not applied in *Estelle*. First, the state did not raise the argument of waiver in their pleadings. Second, due to Texas state court interpretation of the United States Constitution it was futile to object at trial to the alleged constitutional violation. Finally, defense counsel at trial were surprised by the testimony. *See Estelle v. Smith* at 468 n. 12, 101 S.Ct. at 1876 n. 12. *Smith v. Estelle*, 602 F.2d 694, 708 n. 19 (5th Cir.1979). None of these grounds are applicable to the case at bar.

■ Appellant also argues that the military judge abused his discretion by barring litigation of the suppression motion because the circumstances set forth by the trial defense counsel constituted "good cause" under Military Rule of Evidence [hereinafter cited as M.R.E.] 304(d)(2)(A) to permit litigation of the motion to suppress after the plea. Appellant cites the following circumstances to demonstrate good cause why he failed to object at the proper time: trial defense counsel was unsure when to object; defense gave notice to the government at the Article 32 investigation of its intent to object; the timing of the objection would have made no difference to the length of the trial; and any objection to appellant's confession would have been an exercise in futility because of the language of M.R.E. 304(d)(5).[2] We find that none of these circumstances, considered alone or cumulatively, justifies a conclusion that the military judge abused his discretion in de-

1. The drafter's analysis to Military Rule of Evidence 304(d)(2) states in pertinent part: "The defense is required under Rule 304(d)(2) to challenge evidence disclosed prior to arraignment under Rule 304(d)(1) prior to submission of plea. In the absence of a motion or objection prior to plea, the defense may not raise the issue at a later time except as permitted by the military judge for good cause shown. Appendix 18, Manual for Courts-Martial, United States, 1969 (Revised edition).

2. Military Rule of Evidence 304(d)(5) provides: "A plea of guilty to an offense that results in a finding of guilty waives all privileges against self-incrimination and all motions and objections under this rule with respect to that offense regardless of whether raised prior to plea."

nying trial defense counsel's belated motion to suppress.

The military judge's ruling is consistent with the provisions of M.R.E. 304(d)(5) that objections to the voluntariness of a confession are waived by a plea of guilty and with the requirements of M.R.E. 304(d)(2) concerning the timeliness of such objections. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *see also* Federal Rule of Criminal Procedure 12 (failure to move for suppression of evidence at the time set by the court waives any objections to admission) and *United States v. Maher*, 645 F.2d 780, 783 & n. 1 (9th Cir.1981) (applying Rule 12 to an untimely motion to suppress statement under 18 U.S.C. § 3501).

■ We agree with appellant's contention that the two specifications of wrongful possession of hashish were multiplicious for findings purposes. Under the circumstances of this case we will consolidate those two specifications and reassess appellant's sentence. Appellant's remaining assignment of error involving the providence of his pleas is without merit.

The findings of guilty of Specifications 2 and 4 of Charge II are consolidated by deleting in line two of Specification 2 of Charge II all the words and figures after the word "Germany" and substituting therefor the following words and figures, "from on or about 18 April 1983 to on or about 21 April 1983, wrongfully possess some amount of marijuana in the hashish form, a Schedule I controlled substance. Said offense occurring outside the territorial limits of the United States." The finding of guilty of Specification 4 of Charge II is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. Having reassessed the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for eight months, forfeiture of all pay and allowances for eight months, and reduction to the grade of Private E–1.

Senior Judge WOLD and Judge FELDER concur.*